UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD M. KLEIN, individually and
as Trustee for Gerald M. Klein
Revocable Living Trust,

    Plaintiff(s),

v.                                                        Case No. 8:23-cv-169-TPB-AAS

THE LAW OFFICES OF LOBEK &
HANSON, P.A., DANIEL J. LOBECK,
and ARBOR LAKES ON PALMER
RANCH HOMEOWNERS
ASSOCIATION, INC.,

    Defendants.
_____/

**ORDER GRANTING "DEFENDANT ARBOR LAKES ON
PALMER RANCH HOMEOWNERS ASSOCIATION, INC.'S
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT"**

This matter is before the Court on "Defendant Arbor Lakes on Palmer Ranch Homeowners Association, Inc.'s Motion to Dismiss Count III of Plaintiff's Complaint," filed by counsel on March 15, 2023. (Doc. 23). On April 5, 2023, Plaintiff(s) filed a response in opposition. (Doc. 29). After reviewing the motion, response, court file, and the record, the Court finds as follows:

In its motion, Defendant asserts that Count III should be dismissed because debt collection activities do not fall within the definition of "trade or commerce" for purpose of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). FDUTPA is a consumer protection statute designed to protect from unfair trade practices, creating a cause of action for "unfair methods of competition,

unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *See* §§ 501.202; 204(1), *F.S.* "The term 'trade or commerce' is defined as 'the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, of any other article, commodity, or thing of value, wherever situated.'" *Acosta v. James A. Gustino, P.A.*, 6:11-cv-1266-Orl-31GJK, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012) (quoting § 501.203(8), *F.S.*).

It appears that most courts have held that debt collection activities – like the ones at issue here – do not constitute trade or commerce for FDUTPA purposes and are therefore not actionable. *See, e.g.*, *id.* (collecting cases); *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1321 (S.D. Fla. 2012) (collecting cases). The Court agrees with the reasoning and analysis in those decisions. The cases cited by Plaintiff(s) in opposition are distinguishable. Consequently, the motion to dismiss is granted. Count III is dismissed without prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 7th day of April, 2023.

*/s/ T.P. Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**